UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BITTICK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV875MLM |
| ) | |
| CITY OF FORISTELL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before the court is the Motion for Summary Judgment on Count I of Plaintiffs' Complaint filed by Defendants the City of Foristell (the "City") and Douglas G. Johnson (jointly "Defendants"). Doc. 22. Plaintiffs Robert Bittick, Branden Anderson, Casey O. Doyle, and Casey Boaz (jointly "Plaintiffs") filed a Response. Doc. 29. Defendants filed a Reply. Doc. 31. Also before the court is Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Facts and Motion to Strike Certain of Plaintiffs' Responses. Doc. 34. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 10.

**I.
Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Facts
and Motion to Strike Certain of Plaintiffs' Responses**

Defendants contend that the court should strike Plaintiffs' Responses to Defendants' Statement of Undisputed Facts to the extent Plaintiffs' responses conflict with deposition testimony. To the extent that deposition testimony contradicts Plaintiffs' responses to specific alleged undisputed facts, such testimony speaks for itself. The court will take note of such testimony when determining what facts are actually in dispute. As such, the court will deny Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Facts and Motion to Strike Certain of Plaintiffs' Responses.

# II.
# STANDARD FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's motion.

# II.
# BACKGROUND and UNDISPUTED FACTS[1]

Plaintiffs allege, in regard to all Counts of their Complaint, that all Plaintiffs are current or former employees of the City working for the Foristell Police Department as police officers; Defendant Douglas G. Johnson ( "Chief Johnson") is the Chief of Police for the City; that Defendants required Plaintiffs and similarly situated police officers to engage in preparatory activities and other related work activities fifteen minutes before beginning each of their work shifts; that this fifteen minutes is referred to as "pass on"; and that the City does not, and did not for the three years prior to the date this lawsuit was filed, compensate Plaintiffs and other similarly situated police officers for pass on time. Plaintiffs also allege, in regard to all Counts, that "pass on" duties included discussing work-related issues with the police officer whose shift was ending, transferring equipment between police officers, inspecting equipment, and logging in drive time for vehicles. In Count I, Plaintiffs allege that Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and bring Count I as an "opt-in" collective action under 29 U.S.C. § 216(b). Plaintiffs acknowledge in Count I that the FLSA exempts certain categories of employees from overtime pay obligations but allege that none of the FLSA exemptions apply to Plaintiffs or similarly situated employees. Also, in Count I, Plaintiffs allege that Defendants violated the FLSA by failing to keep accurate records of all hours worked by their employees and by failing to pay Plaintiffs the FLSA's minimum wage and statutory overtime for all hours worked over forty hours per workweek, including "pass on" time.

Defendants admit that Plaintiffs are employees for purposes of the FLSA. They deny, however, that Plaintiffs were required to report fifteen minutes prior to their scheduled shift; that during these fifteen minutes Plaintiffs performed the duties described above in regard to "pass on" time; and that

---

[1] The facts are undisputed unless otherwise stated.

Plaintiffs were not compensated for this time. Doc. 11, ¶¶ 11-14. The pending Motion for Summary Judgment addresses only Count I.[2]

The City has the status of a fourth class city pursuant to Mo. Rev. Stat. § § 79.010-79.600. In that capacity it performs the functions of a municipal government and a public employer. The City operates a police department known as the Foristell Police Department (the "Department"). Chief Johnson has held his position as Police Chief for the Department since April 2007. Plaintiff Branden Anderson became a regular, full-time police officer with the Department in August 2006 and last worked for the Department in September 2008. Plaintiff Casey Doyle worked as a regular, full-time police officer with the Department commencing about June 2007 until May 4, 2010, when he resigned. Plaintiff Casey Boaz worked as a regular, full-time police officer for the Department from October 21 or 26, 2006, until he resigned on December 22, 2010. Plaintiff Robert Bittick worked as a regular, full-time police officer with the Department from September 8, 2008, until January 18, 2011. In their capacity as regular, full-time police officers, Plaintiffs performed law enforcement activities, including enforcing traffic laws, investigating possible crimes, and patrolling neighborhoods.

The Department scheduled Plaintiffs work in periods which were two weeks in duration. Plaintiffs were paid in accordance with bi-weekly pay periods which coincided with the two-week work periods. Generally, Plaintiffs had seven scheduled work shifts consisting of twelve hours per shift in each work period. Plaintiffs, however, typically worked six 12-hour shifts and one 8-hour shift during any given work period for a total of eighty hours worked. In some instances, Chief Johnson

---

[2] Plaintiffs bring Count II pursuant to Missouri's Wage and Hour statute, Mo. Rev. Stat. § 290.500 et. seq. In Count III, Plaintiffs allege Breach of Contract. In Count IV, Plaintiffs allege Quantum Meruit. In Count V, Plaintiffs allege Plaintiffs allege Unjust Enrichment. Plaintiffs bring Counts II through V as class actions pursuant to Fed. R. Civ. P. 23 on behalf of themselves and as Class Representatives of all current and former employees who are or were employed by Defendants as police officers within the five years proceeding the date this action was filed.

told Plaintiffs which of the scheduled work shifts to work as an 8-hour shift. In other instances, Plaintiffs would choose which work shift to work as an 8-hour shift.

Plaintiffs worked overtime hours during their employment with the Department. Two distinct situations provided overtime opportunities for them. Plaintiffs worked overtime when situations occurred during a scheduled work shift that required the police officer work hours in addition to his scheduled hours. For example, the officer would work past the end of his work shift if duties that he started to perform prior to his shift's ending, such as providing assistance at the scene of a vehicular accident, continued after its scheduled ending time. This situation is known as "situational overtime." A second type of overtime concerned instances when a police officer volunteered to work an extra unscheduled work shift and earned his regular wage rate times one and one-half for the hours worked on the voluntary shift.

## III.
## LEGAL FRAMEWORK and DISCUSSION

The FLSA, § 206, provides for a minimum wage for all hours worked. The FLSA, §207(a)(1) requires employers engaged in commerce to pay an employee who works longer than forty hours in a workweek to pay such employee compensation for his "employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Section 207(k) provides for a partial overtime exemption for law enforcement officers employed by a public agency. In particular, § 207(k) states:

> (k) Employment by public agency engaged in fire protection or law enforcement activities
>
> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if--

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

(2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

Thus, the partial exemption of § 207(k) permits law enforcement officers to be paid on the basis of work periods of at least seven but no more than twenty-eight days in length. The duration of the work period determines when law enforcement officers become eligible for overtime pay. Specifically, the table provided in 29 C.F.R. § 553.230 construes § 207(k) to allow the statutory exemption for overtime to apply up to eighty-six hours worked in a 14-day work period for police officers.

29 C.F.R. § 553.224(a) defines work period as follows:

As used in section 7(k), the term "work period" refers to any established and regularly recurring period of work which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days nor more than 28 consecutive days. Except for this limitation, the work period can be of any length, and it need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day. Once the beginning and ending time of an employee's work period is established, however, it remains fixed regardless of how many hours are worked within the period. The beginning and ending of the work period may be changed, provided that the change is intended to be permanent and is not designed to evade the overtime compensation requirements of the Act.

The term "tour of duty," as used in § 207(k), "means the period during which an employee is on duty. It may be scheduled or unscheduled." Zimmerling v. Marsh, 591 F. Supp. 537, 544 (W.D. Pa. 1984).

6

Under the FLSA, time is compensable where it is spent "predominately for the employer's benefit" rather than for the employee's benefit. Birdwell v. City of Gadsden, 970 F.2d 802, 807 (11th Cir. 1992) (citing Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944) (other citations omitted). This question is "dependent upon all the circumstances of the case." Id. (citing Skidmore v. Swift & Co., 323 U.S. 134, 136 (1944)).

The general rule is that the application of an exemption under the FLSA is an affirmative defense "on which the employer has the burden of proof." Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974). Further, the FLSA should be interpreted liberally in favor of employees. Mitchell v. Lublin, McGaughy & Assoc., 358 U.S. 207, 211 (1959). A defendant must prove the applicability of the FLSA exemption by "clear and affirmative evidence." Donovan v. United Video, Inc., 725 F.2d 577, 581 (10th Cir. 1984).

Defendants in the matter under consideration seek summary judgment in regard to Count I based on their affirmative defense that the Department is subject to the partial overtime exemption for police officers provided in FLSA, § 207(k). Defendants also seek dismissal of Plaintiffs' claims as alleged in Count I. Plaintiffs allege in their Complaint, and argue in their brief in opposition to the pending Motion for Summary Judgment, that the exemption of § 207(k) does not apply to them and other persons similarly situated because they worked in excess of eighty-six hours during a 14-day work period. Plaintiffs argue that, therefore, they should have been paid the equivalent of their overtime rate for hours worked over forty hours within a week.

The undisputed facts establish that the City is a public agency for purposes of § 207(k). It is also undisputed that the Department has a scheduling period or work period of two weeks consisting of fourteen consecutive days. Additionally, it is undisputed that in a typical work period Plaintiffs had seven work shifts of twelve hours' duration for a total of eighty-four scheduled hours and that, normally, Plaintiffs worked six 12-hour shifts and one 8-hour shift for a total of eighty hours. It is

7

undisputed that Plaintiffs did work overtime. To the extent Plaintiffs allege that the partial exemption of § 207(k) does not apply to them, Plaintiffs misconstrue § 207(k); the statute's partial overtime exemption unequivocally applies in this matter because it is undisputed that the Department, which is a public law enforcement agency, utilizes a 14-day work period.

Although the Department paid Plaintiffs overtime for hours eighty-one through eighty-six, the Eighth Circuit has specifically held that a municipality does not forfeit its exemption "by paying overtime more generously than the Secretary's regulations would require. See Milner v. City of Hazelwood, 165 F.3d 1222, 1222-23 (8th Cir. 1999) (per curiam). Thus, because of the Department's 14-day work period, Plaintiffs are entitled to overtime, according to 29 C.F.R. § 553.230, for hours worked in excess of eighty-six during the 14-day work period.

In their Motion for Summary Judgment, in regard to Count I in its entirety, Defendants fail to address Plaintiffs' claims in Count I that they are entitled to compensation for "pass on" time and that Defendants failed to comply with the FLSA's record keeping requirements. In regard to these issues there are genuine issues of material fact as Defendants deny, in their Answer, all of Plaintiffs' allegations regarding to these issues. Thus, there are genuine issues of material fact as to whether, among other things, Plaintiffs engaged in "pass on" time and the nature and extent of "pass on" time. Those factual issues must be resolved in order to determine whether "pass on" time is compensable and, hence, included in the hours to be accrued before Plaintiffs were entitled to overtime.[3]

## IV.
## CONCLUSION

The court finds that Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Facts and Motion to Strike Certain of Plaintiffs' Responses should be denied. The court

---

[3] Although the court need not decide this issue at this time, because the Department voluntarily paid Plaintiffs overtime for hours eighty-one through eighty-six, pursuant to § 207(k), it is arguable that six additional hours could have accrued during a 14-day work period before the Department was required to pay FLSA overtime.

also finds that, as a matter of law, the Department is entitled to the partial exemption for overtime as provided in the FLSA, § 207(k), and that Summary Judgment should be granted in Defendants favor in this regard. The court finds that in regard to all other claims made by Plaintiffs in Count I, Defendants' Motion for Summary Judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendants is **GRANTED**, in part, and **DENIED**, in part; Doc. 22

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, in regard to Count I, in that the FLSA, § 207(k)'s, partial exemption from overtime does apply to Plaintiffs and **DENIED** in regard to all other claims made in Count I of Plaintiffs' Complaint.

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Facts and Motion to Strike Certain of Plaintiffs' Responses. is **DENIED**. Doc. 43.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of December, 2011.