**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT BITTICK, et al.,**  )<br>)<br>      **Plaintiffs,**            )<br>)<br>      **vs.**                          )<br>)<br>**CITY OF FORISTELL, et al.,**  )<br>)<br>      **Defendants.**          ) | **Case No. 4:11CV875MLM** |

**MEMORANDUM OPINION**

Before the court is the Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice filed by Plaintiffs Branden Anderson, Casey Boaz, Casey Doyle, and Robert Bittick (together "Plaintiffs"). Doc. 20. Defendants the City of Foristell (the "City") and Douglas G. Johnson (jointly "Defendants") filed a Response. Doc. 30.   Plaintiffs filed a Reply. Doc. 31.   Also before the court is Defendants' Objections to Plaintiffs' Responses to Defendants' Statement of Undisputed Facts and Motion to Strike Certain of Plaintiffs' Responses. Doc. 31.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 10.

**I.
BACKGROUND**

All Plaintiffs are former employees of the City working for the Foristell Police Department (the "Department") as police officers.  Plaintiffs allege, in Count I of their Complaint, that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et. seq.</u>, during the three years prior to the filing of this lawsuit, by failing to pay them and similarly situated employees for "pass on"

time, which allegedly is a period of fifteen minutes prior to Plaintiffs' shift during which they were required to engage in certain activities for the benefit of Defendants. Plaintiffs also allege, in Count I, that Defendants failed to pay them and similarly situated employees overtime for hours worked in excess of forty hours and that Defendants failed to keep records, as required by the FLSA. Plaintiffs allege that "pass on" duties include inspecting equipment, discussing work-related issues with the police officer whose shift was ending, transferring equipment between police officers, inspecting equipment, and logging in drive time for vehicles.

Plaintiffs have moved for conditional certification of Count I as an "opt-in" collective action under the FLSA, 29 U.S.C. § 216(b), so they may notify similarly situated employees of the filing of this action and provide them with the opportunity to "opt in" as Plaintiffs to this litigation. Plaintiffs also seek an order requiring Defendants to provide them a computer readable data file containing the names, last known addresses, and dates of employment for employees of the City who worked for the Department during the three years prior to the filing of this lawsuit and requiring Defendants to conspicuously post notice of this case in the break room of the Department.

## II.
## LEGAL FRAMEWORK and DISCUSSION

The FLSA, § 206, provides for a minimum wage for all hours worked. The FLSA, §207(a)(1), requires employers engaged in commerce to compensate an employee who works longer than forty hours in a workweek for his "employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Section 207(k) provides for a partial overtime exemption for law enforcement officers employed by a public agency. In their Answer to the Complaint, Defendants assert the affirmative defense that Plaintiffs, as police

officers, were subject to the partial exemption for overtime pursuant to § 207(k).  The court has found that, as a matter of law, Plaintiffs are subject to the partial overtime exemption of FLSA, § 207(k).  Pursuant to the court's previously issued Memorandum Opinion it remains disputed, among other things, whether Defendants were required to pay Plaintiffs for "pass on time," whether they kept proper records, and whether Defendants complied with the requirements of § 207(k) and paid Plaintiffs for overtime worked in excess of eighty-six hours during their 14-day work period.

The FLSA provides that an action may be maintained "by any . . . employee[ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay the minimum wage.  29 U.S.C. § 216(b).  Such an action is known as a "collective action."  See, e.g., Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005).  In a FLSA collective action, similarly situated employees may "opt-in" to the suit in order to benefit from its results. Davis v. Novastar Mortg., Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005).  The FLSA does not define the term "similarly situated."  Although the Eighth Circuit Court of Appeals has not set forth the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b),  the district courts in this circuit use a two-step analysis.  See, e.g., Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010); Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007); Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1163-64 (D. Minn. 2007); Davis v. Novastar Mortg., Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).

Pursuant to the two-step process, Plaintiffs have moved for conditional certification for notice purposes at an early stage of the litigation.  See Davis, 408 F. Supp. 2d at 815.  At this first step in the process, the court does not reach the merits of Plaintiffs' claims.  Kautsch v. Premier Commc'ns,

3

504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); Fast v. Applebee's Int'l, Inc., 243 F.R.D. 360, 363 (W.D. Mo. 2007); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Plaintiffs' burden at this stage is not onerous. See Kautsh, 504 F. Supp. 2d at 688; Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (holding that burden at first stage is "not rigorous"). Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F. Supp. 2d at 815 (citation omitted). "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast, 243 F.R.D. at 363. Such a determination is made during the second step of the process, after the close of discovery. Id. "Determining whether such a collective action is the appropriate means for prosecuting an action is in the [c]ourt's discretion." Heartland, 404 F. Supp. 2d at 1149. Once the court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F. Supp. 2d at 1163.

"At the second step of the process, the defendant may move to decertify the class." Kautsch, 504 F. Supp. 2d at 288. This is generally done after discovery is closed at which time the court has more information and is able to make a factual determination as to whether the members of the conditionally certified class are similarly situated. See Davis, 408 F. Supp. 2d at 815. In any case, to be similarly situated "class members need not be identically situated." Fast, 243 F.R.D. at 363.

Having reviewed Plaintiffs' Motion in light of the relevant standards, the court finds that Plaintiffs have cleared the relatively low hurdle of demonstrating that conditional certification of a collective action is appropriate. Plaintiffs have come forward with substantial allegations that they and the other members of the proposed collective action were victims of a single plan, practice,

4

and/or policy to deprive them of compensation in that Defendants required Plaintiffs to work fifteen minutes prior to their scheduled shifts; that during this time they engaged in activities for the benefit of the Department; that they were not compensated for this time; and that Defendants did not keep records for employees' "pass on" time. See Davis, 408 F. Supp. 2d at 815.

To the extent Defendants argue that Plaintiffs claims lack merit, as discussed above, the merits of Plaintiffs' claims and those of the potential class members are not at issue at this stage of the proceedings.[1] See Kautsch, 504 F. Supp. 2d at 688; Fast, 243 F.R.D. at 363; Hoffmann, 982 F. Supp. at 262.

While Defendants suggest that one or more the named Plaintiffs or those alleged to be similarly situated may have taken more or less time to perform the tasks required during "pass on" time, Plaintiffs have still adequately alleged that they and other similarly situated employees of the Department whom they seek to represent were required to perform similar work without pay.

---

[1] Indeed, in their Response to the pending Motion, Defendants acknowledge that Plaintiffs were not paid for "pass on" time. Moreover, Monahan v. County of Chesterfield, 95 F.3d 1263 (4th Cir. 1996), and Adair v. City of Kirkland, 185 F.3d 1055 (9th Cir. 1999), cited by Defendants in support of their argument that they were not required to pay Plaintiffs for "pass on" time, involve employees who were salaried. While the Eighth Circuit held in Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353 (8th Cir. 1986), that the employer did not violate the FLSA so long as the total weekly pay received by over-the-road truck drivers met the minimum weekly requirements of the FLSA, the drivers were paid by the mile. Plaintiffs and other alleged similarly situated employees are hourly paid employees. Moreover, in Adair, the court held that there was a triable issue as to whether officers' salary, as set forth in the applicable collective bargaining agreement, compensated the officers for attending pre-shift briefings. 185 F.3d at 1062. Additionally, several courts have rejected the principal that the FLSA does not require employers to compensate hourly paid employees for off-the-clock hours where the employees' hourly rate exceeded the minimum wage requirement. See, e.g., Norceide v. Cambridge Health Alliance, 2011 WL 3895126, *6 (D. Mass. Aug. 28, 2011) (holding that a weekly-average method of determining compliance with the FLSA is contrary to the Act's legislative purpose of protecting the worker ); Schmitt v. State of Kansas, 844 F. Supp. 1449, 1456 (D. Kan. 1994) (citing Lamon v. City of Shawnee, 972 F.2d 1145, 1155 (10th Cir.1992)).

Further, Plaintiffs have adequately described such work in sufficient detail so that other proposed members of the collective action who preformed similar tasks may be identified and notified of this action. See Bishop v. AT&T Copr., 256 F.D.R. 503, 507 (W.D. Pa. 2009).  To the extent individual police officers' "pass on" time varied and to the extent they worked hours sufficient to require that the Department pay them overtime, such issues are not ripe for resolution.  In any case, as stated above, class members need not be identically situated, only similarly situated. Fast, 243 F.R.D. at 363.

As such, the court finds that for purposes of conditional certification, arguments Defendants make in opposition to Plaintiffs' Motion do not preclude conditional certification of a collective action.  After discovery is complete and the matter is fully briefed, Defendants may move to decertify the collective action for reasons stated in the Response or for some other reason.  The court, however, will not deny conditional certification of the proposed collection action simply because Plaintiffs may not ultimately prevail on their FLSA claims.

Additionally, the court finds that Plaintiffs' proposed notice to class members adequately advises potential plaintiffs of their rights in this matter. Doc. 31, Ex. 1.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice is **GRANTED**; Doc. 20

**IT IS FURTHER ORDERED** that, within fourteen days of the date of this Memorandum Opinion, Defendants shall provide Plaintiffs' attorneys with a computer readable data file containing the name, last known address, and dates of employment of current and former employees of the City of Foristell who worked for the Foristell Police Department during the three years proceeding the

filing of this lawsuit;

**IT IS FURTHER ORDERED** that Plaintiffs may send to potential class members a notice and consent form consistent with Plaintiffs' Exhibit 1, attached to their Reply;

**IT IS FURTHER ORDERED** that, within fourteen days of the date of this Memorandum Opinion, Defendants conspicuously post notice of this case, consistent with Plaintiffs' Exhibit 1, in the break room of the Foristell Police Department until the opt-in period expires;

**IT IS FURTHER ORDERED** that there shall be a Rule 16 scheduling conference held in chambers on January 30, 2012, at 9:30 a.m. as more fully set out in the Order Setting Rule 16 Scheduling Conference filed contemporaneously herewith.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of December, 2011.